UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| 4 MVR, LLC, | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 12-cv-10674-DJC |
| WARREN W. HILL CONSTRUCTION CO. and WARREN W. HILL, | |
| Defendants | |

ORDER ON PLAINTIFF'S THIRD MOTION TO COMPEL PRODUCTION OF
DOCUMENTS, FOR ATTORNEYS' FEES AND SANCTIONS (#167)

June 26, 2015

CABELL, U.S.M.J.

This is a fraud and deceptive business practices suit arising from the alleged breach of a contract for the construction of a vacation home on Nantucket (the "Project"). (Dkt. No. 81.) Plaintiff 4 MVR, LLC's third Motion to Compel Production of Documents, for Attorneys' Fees and Sanctions is currently before the Court. (Dkt. No. 167.) Based upon the parties' submissions, oral argument and the relevant law, 4 MVR's motion is GRANTED in part and DENIED in part.

I. **BACKGROUND**

Plaintiff 4 MVR, LLC ("4 MVR") is a Florida LLC formed for the purpose of planning and constructing the Project. In its operative second amended complaint, 4 MVR alleges that

defendant Warren W. Hill ("Hill") falsely represented the financial condition of Warren W. Hill Construction Company (the "Construction Company") in order to induce 4 MVR to award the contract for construction of the Project to the Construction Company. (Dkt. No. 81.) 4 MVR contends that before the contract was signed Hill made representations that suggested that the Construction Company was relying on Hill's personal finances to finance the Project. In particular, 4 MVR points to Hill's representations regarding a partnership arrangement with an unidentified third party, and his ownership of real estate and foreign holdings. (Dkt. No. 168.)

**II.    ANALYSIS**

4 MVR seeks an order compelling production of: 1) Hill's personal federal tax returns; 2) all documents concerning prior statements that Hill allegedly made regarding financing of the Nantucket project; and 3) documents regarding Hill's personal assets. (Dkt No. 167) 4 MVR argues that Hill's statements about his own overseas holdings, real estate holdings, partnership interests and available credit were material to 4 MVR's decision to contract with the Construction Company and, therefore, Hill's personal finances are indeed relevant, and 4 MVR should be entitled to discover whether Hill actually had specific assets as represented.

Hill responds that the financial covenants at issue in this case only required that the Construction Company meet certain solvency and asset requirements, and did not impose any obligations on Hill personally. He contends that his personal finances are thus irrelevant, and he therefore has declined to produce any documents in response to these requests. Hill also notes that the individual alleged to be his partner in the reputed partnership has already testified that no such entity existed, thus mooting the need to explore the issue further through Hill's personal information.

4 MVR may discover "any nonprivileged matter that is relevant to any party's claim or defense," and where "good cause" is shown, may discover information "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008)(speculative or attenuated connection between materials sought and claims or defenses insufficient to establish relevance).

**A. <u>Hill's Federal Tax Returns and Related Documents</u>**

Request Nos. 1 and 3 seek production of Hill's federal tax returns and related worksheets. 4 MVR argues that Hill was required to disclose specific financial information in his tax returns, such as his foreign holdings, and that the returns will therefore allow 4 MVR to test the accuracy of some of the financial representations at issue in this case.

Although there is no absolute privilege that protects tax returns and related documents from discovery, "due to the sensitive information contained therein and the public interest to encourage the filing by taxpayers of complete and accurate returns, their production should not be routinely required." See *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P.R. 1978). A court may order production of tax returns where they are relevant and the information contained in the returns is not readily available from another source. See *Buntzman v. Springfield Redevelopment Authority,* 146 F.R.D. 30, 32 (D. Mass. 1993)(ordering production based upon under the broader pre-2000 relevance standard where party resisting discovery put his income at issue and did not suggest alternate to production of tax returns); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)(production of tax returns requires showing of both relevance and compelling need).

In the Court's view, 4 MVR has not made a sufficient showing of relevance to discover Hill's personal tax records. Although tax records necessarily contain some information

3

regarding an individual's financial circumstances, it has not been shown here that the tax records would necessarily contain the specific information sought regarding the scope of Hill's assets and foreign holdings. Moreover, 4 MVR has not explained why it needs three years of personal tax return documents to test the accuracy of alleged representations about Hill's financial condition during the contract negotiation process, a finite period that lasted less than one month, and the request is thus overbroad. Finally, even assuming the tax records might contain some of the information 4 MVR seeks, there is no reason to doubt that 4 MVR could conceivably discover (or at least seek to discover) information about Hill's financial state through other less intrusive means, including depositions, interrogatories or public records searches, and it thus has not shown that the information contained in the returns is not readily available from another source. *Buntzman*, 146 F.R.D. at 32. Accordingly, this portion of the motion to compel is denied.

### B. **Documents Related to Specific Financial Representations Made by Hill**

Request Nos. 14 through 24 seek discovery of all documents related to each of Hill's specific financial representations 4 MVR alleges it relied upon in deciding to award the construction contract to the Construction Company. Hill contends that this category of documents is not relevant because 4 MVR could not have reasonably believed that Hill intended to personally fund the Project. At the motion to compel stage, the Court assesses the relevance of particular documents based upon their relevance to the claims and defenses that are currently a part of the action, without deciding the merits of those claims and defenses. See Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment (absent a showing of good cause, relevance inquiry "focus[es] on the actual claims and defenses involved in the action"). Request Nos. 14 through 24 relate to specific statements that are at issue in this case and thus seek documents that

are relevant to 4 MVR's claims. The Court accordingly grants the motion to compel with respect to these requests and Hill is ordered to produce all responsive documents in his possession, custody or control. To the extent that Hill has already produced particular documents, he is not required to produce the documents a second time. If Hill has no responsive documents other than those that have already been produced, he shall serve an amended written response making that clear.

To be clear, Hill has also objected that certain documents responsive to Request Nos. 14 through 24 are in the possession, custody or control of the Chapter 7 Trustee in the Construction Company's bankruptcy case. However, the Trustee does not object to the production of the disputed documents and this objection therefore has no force.

### C. Documents Related to Hill's Finances Generally

Request Nos. 25, 27, 29 and 32 seek documents related to Hill's personal financial status, including all documents related to his bank accounts, real property holdings and assets from 2009 through 2011. 4 MVR argues that these documents are relevant in light of the representations Hill made to 4 MVR about his personal financial status. In the Court's view, the documents ordered to be produced above in Section B appropriately capture the universe of timely and relevant information 4 MVR is entitled to discover. To the extent this request seeks information beyond the scope of those documents, the request is temporally overbroad and asks for information that is not relevant to the present case. Accordingly, this portion of the motion to compel is denied.

III. **CONCLUSION**

For the foregoing reasons, 4 MVR's motion is GRANTED with respect to Request Nos. 14 through 24 and DENIED with respect to all other Requests.  Hill is ordered to produce documents and/or serve amended written responses in accordance with the terms of this order no later than 14 days from the date that the Court's enters this order.  4 MVR's request for sanctions and attorneys' fees is DENIED.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  June 26, 2015