UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 4 MVR, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WARREN W. HILL CONSTRUCTION CO.<br>and WARREN W. HILL,<br><br>        Defendants | Civil Action No. 12-cv-10674-DJC |

ORDER ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RELATED TO AN ARBITRATION BETWEEN 4 MVR LLC AND DONALD BURNS AND
JACOBSEN ARCHITECTURE LLC (#177)

June 26, 2015

CABELL, U.S.M.J.

      This is a fraud and deceptive business practices suit arising from the alleged breach of a contract for the construction of a vacation home on Nantucket (the "Project"). Defendant Warren W. Hill's Motion to Compel Production of Documents Related to an Arbitration Between 4 MVR, LLC and Donald Burns and Jacobsen Architecture, LLC is currently before the Court. (Dkt. No. 177.) Based upon the parties' submissions, the June 18, 2015 oral argument and the relevant law, the motion to compel is DENIED.

I. **BACKGROUND**

      Plaintiff 4 MVR, LLC ("4 MVR") is a Florida LLC formed for the purpose of planning and constructing the Project. In its operative second amended complaint, 4 MVR alleges that

defendant Warren W. Hill ("Hill") misrepresented the financial condition of Warren W. Hill Construction Company (the "Construction Company") in order to induce 4 MVR to award the contract for construction of the Project to the Construction Company. 4 MVR also alleges that Hill overbilled 4 MVR by billing for work, including change orders, before that work was complete. 4 MVR ultimately terminated the Construction Company – allegedly because of the Construction Company's inability to complete the project on time and on budget. (Dkt. No. 81.)

Hill filed an answer to the complaint, asserted a counterclaim against 4 MVR, and asserted a third party complaint against Donald Burns, who is a trustee of the Donald Alan Burns Revocable Trust, which in turn is the sole member of 4 MVR. 4 MVR successfully moved for judgment on the pleadings with respect to the claims against Burns personally, but Hill's claims against 4 MVR and his affirmative defenses remain a part of this action. (Dkt. No. 194.) In his answer and counterclaims, Hill alleges that the Construction Company was unable to perform its contract with 4 MVR because of Burns' failure to cooperate, including refusing to provide integrated architectural plans and unilaterally imposing a completion date for secondary structures that necessitated changes to the plans. (Dkt. No. 82.)

**II.    ANALYSIS**

In his motion to compel, Hill seeks an order compelling production of documents related to an arbitration between 4 MVR and Project architect Jacobsen Architecture, LLC ("Jacobsen"). (Dkt. 178.) 4 MVR has produced the arbitration award, but has refused to produce any further documents based upon its relevance objection. Hill argues that the arbitration documents are relevant because a number of the issues in the arbitration are also issues in the case, including whether Jacobsen was required to integrate the plans, what was the proper procedure for change orders, and which version of the America Institute of Architects ("AIA") standard contract was

referenced in the design contract. (*Id.*) Hill also argues that the arbitration materials may potentially demonstrate that Jacobsen was biased in favor of 4 MVR during the construction process. (*Id.*)

Hill may discover "any nonprivileged matter that is relevant to any party's claim or defense," and where "good cause" is shown, may discover information "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008)(speculative or attenuated connection between materials sought and claims or defenses insufficient to establish relevance). Hill has not demonstrated that the documents he seeks are relevant under either of these standards. The Court has reviewed the arbitration award and, in particular, the portions that Hill cited in his briefs and at oral argument, and finds nothing in the award to suggest that the scope of Jacobsen's responsibilities or the proper procedure for change orders were at issue in the arbitration. The parties to the arbitration apparently agreed that there had been change orders and that Jacobsen was not responsible for mechanical, engineering or plumbing plans, but was responsible for integrating that work into the architectural plans. The parties disputed only whether Jacobsen was allowed to include the cost of mechanical, engineering and plumbing work and change orders in the construction costs, for which he charged his twenty percent fee. While it's possible that the arbitration included testimony on subjects that were not actually at issue in the arbitration, it is unlikely. The arbitration award indicates that the arbitration dealt primarily with how to calculate Jacobsen's fees under the Design Contract. And, although the arbitrator did decide which version of the AIA form contract was referenced in the design contract, Hill has not demonstrated how that issue is relevant to this case. Finally, the Court is not convinced that the dispute between 4 MVR and Jacobsen has any bearing on the question of Jacobsen's potential bias. To the extent it

3

might, the arbitration award that has already been produced is adequate to allow Hill to explore this issue.

III. **CONCLUSION**

For the foregoing reasons, Hill's motion is DENIED.


/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: June 26, 2015